IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK07-42271-TLS |
| GARY M. & JOYCE BURIVAL, ) | CASE NO. BK07-42273-TLS |
| ) | Jointly Administered |
| RICHARD BURIVAL and PHILLIP ) | |
| BURIVAL, d/b/a BURIVAL BROTHERS, ) | ADV. NO. A10-4009-TLS |
| a partnership, ) | |
| ) | CHAPTER 11 |
| Debtor(s). ) | |
| RICK D. LANGE, Chapter 11 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| GALYEN PETROLEUM COMPANY, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the court on cross-motions for summary judgment by the trustee (Fil. #9) and the defendant (Fil. #13). Brian S. Kruse represents the Chapter 11 trustee, and Jeffrey P. Galyen represents Galyen Petroleum Company. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

Both motions are denied.

This action was originally filed to object to two claims filed by Galyen Petroleum Company and to recover an alleged preferential transfer, but the parties have resolved most of their issues. The only matter remaining to be determined by the court is whether Galyen Petroleum violated the state usury laws. The parties have each filed a summary judgment motion on that issue.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, ___ U.S. ___, 129 S. Ct. 2658, 2677 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for

trial." *Id.* (quoting *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). *See also Celotex Corp.*, 477 U.S. at 324 (where the nonmoving party "will bear the burden of proof at trial on a dispositive issue," the nonmoving party bears the burden of production under Rule 56 to "designate specific facts showing that there is a genuine issue for trial").

The following facts are uncontroverted:

1. Rick D. Lange is the duly appointed and qualified Chapter 11 bankruptcy trustee for the jointly administered bankruptcy cases of Gary and Joyce Burival ("Gary and Joyce") and Richard Burival and Philip Burival d/b/a Burival Brothers, a partnership ("Burival Brothers").

2. Defendant Galyen Petroleum Company ("Galyen Petroleum") is a Nebraska corporation. It sold fuel on open account to Gary and Joyce for use in their farming operation.

3. The bankruptcy cases were filed on November 29, 2007.

4. The principal amount of Galyen Petroleum's claim against Gary and Joyce as of the petition date is $113,124.73.

5. Galyen Petroleum holds a properly perfected security interest in Gary and Joyce's 2007 crop proceeds, by virtue of a financing statement filed October 1, 2007.

6. Galyen Petroleum does not have a claim against Richard Burival and Philip Burival.

7. Galyen Petroleum did not receive any avoidable preferential payments.

Galyen Petroleum filed three proofs of claim in this case. All are for goods sold. The first, filed March 18, 2008, is a secured claim in the amount of $328,816.19 (Claim No. 61-1). That proof of claim contains no supporting documentation. It was amended by a proof of claim filed April 2, 2008 (Claim No. 61-2). Claim No. 61-2 is for a secured claim in the same amount, but includes copies of a loan agreement and trust deeds between Gary and Joyce and Galyen Petroleum, filed U.C.C. financing statements, a ledger sheet for the loan, and a summary of Gary and Joyce's account activity. Claims No. 61-1 and 61-2 were amended by Claim No. 61-3, filed August 2, 2010 – shortly after the trustee filed his motion for summary judgment – which reduces the amount of the claim to $117,558.69. That proof of claim describes the amount as secured, and attaches a revised summary of account activity.

In the parties' normal course of business, Galyen Petroleum delivered fuel to Gary and Joyce and billed them for it thereafter. By July 2007, the balance of Gary and Joyce's account was in excess of $200,000.00, so the parties agreed that Galyen Petroleum would extend a $200,000.00 line of credit to them in exchange for a lien on 480 acres of farmland. The parties seem to be taking the position that upon execution of the loan documents, $200,000.00 was removed from the open

account and transferred to the secured note. The note carried a 14 percent interest rate which jumped to 18 percent if payments were delinquent or the debtors failed to timely perform. The note was due in one payment on December 1, 2007. In August 2007, after the $200,000.00 was transferred to the note, the balance due on the open account crept past $100,000.00; by October 2007, Galyen Petroleum was delivering fuel to Gary and Joyce on a cash-only basis. Galyen Petroleum also filed a U.C.C. financing statement with the Nebraska Secretary of State on October 1, 2007, for a statutory petroleum lien.

The trustee objects to Claim No. 61-2 on the basis that Galyen Petroleum charged and received interest at a rate considered usurious under Nebraska law and, therefore, should forfeit all interest and pay the trustee's costs. The Nebraska statute on general interest rates is as follows:

> 45-101.03. General interest rate; maximum; variable rate authorized; conditions
> (1) Except as provided in section 45-101.04, any rate of interest which may be agreed upon, not exceeding sixteen percent per annum on the unpaid principal balance, shall be valid upon any loan or forbearance of money, goods, or things in action and may be taken yearly, for any shorter period, or in advance, if so expressly agreed.
> (2) Such rate of interest so long as it does not violate sections 45-101.02 to 45-113 or any federal usury law may be charged on a variable rate basis, except that if the lender proposes to increase the interest rate during the term of a loan on consumer goods notice of such proposed increase shall be communicated in writing to the person or persons primarily obligated on such loan at least ten days prior to the proposed increase. Deposit of such notice in the United States mails, postage prepaid, shall be deemed communication for the purpose of this section.

Neb. Rev. Stat. § 45-101.03.

However, the preceding section does not apply to "interest charges made on open credit accounts by a person who sells goods or services on credit when the interest charges do not exceed one and one-third percent per month for any charges which remain unpaid for more than thirty days following rendition of the statement of account[.]" Neb. Rev. Stat. § 45-101.04(7).

Interest rates in excess of those allowed by law are considered usurious and are disallowed. The Nebraska usury statute provides, in relevant part:

> 45-105. Usury; penalty
> If a greater rate of interest than [16 percent per annum on the unpaid principal balance] shall be contracted for or received or reserved, the contract shall not on that account be void, but if in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the plaintiff shall recover only the principal, without interest, and the defendant shall recover costs; and if interest shall have been paid thereon, judgment shall be for the principal, deducting interest paid[.]

Neb. Rev. Stat. § 45-105. Usury is a legal issue. *Thomas Lakes Owners Ass'n v. Riley*, 612 N.W.2d 529, 538 (Neb. Ct. App. 2000).

Creditors who charge more than 1⅓ percent on account balances exceed the "interest rate ceiling" allowed by law and are subject to the statutory penalty of forfeiting all interest on the obligation. *In re Walker*, 216 B.R. 275, 277 (Bankr. D. Neb. 1997) (materials supplier charged 2 percent interest on the debtor's revolving charge account, which was excessive and resulted in the disallowance of any interest at all on the supplier's claim).

In this case, the account summary attached to Claim No. 61-2 indicates that a finance charge of 1.5 percent was imposed on September 10, 2007, and a finance charge of 1.48 percent was imposed on October 10, 2007. No payments were made on the account in September. A finance charge of 1.43 percent was made after October 31, 2007. The revised account summary attached to Claim No. 61-3 reduces those finance charges to 1 percent. The only evidence on these motions, other than the proofs of claim, is the affidavit of Galyen Petroleum's president, who states that the account summary in Claim No. 61-2 was prepared by an employee, without his oversight, who unintentionally used an incorrect interest rate. While filed proofs of claim are prima facie evidence of the validity and amount of a claim, Fed. R. Bankr. P. 3001(f), these proofs of claim make it difficult to determine the actual amount of Galyen Petroleum's claim.

If the claim is really a balance due on an open account, the company could legally charge 1⅓ percent interest on charges that remained unpaid for 30 days. In the months leading up to their bankruptcy filing, Gary and Joyce consistently carried a balance on their account, and with multiple fuel deliveries every month, the balance quickly escalated. Presumably, Galyen Petroleum sent monthly bills to the debtors that included the payment terms and a statement of the finance charges to be imposed if the bill was not paid in full.[1] That evidence would be relevant to the issue at hand. Galyen Petroleum admits that the summary statements attached to the proofs of claim are not part of the company's normal business records and were created specifically for filing with the proofs of claim. For purposes of these summary judgment motions, the statements lack foundation. It is difficult to tell what amount of interest was actually charged, although the 1.5 percent figure is likely more credible than the 1 percent figure used on the claim filed after the trustee raised the issue of usury. In any event, there may also be a question as to whether the loan agreement, note and deed of trust attached to the proof of claim could govern all amounts due, instead of just $200,000.00.

Because it is unclear from the evidence presently before the court what interest rate was in fact charged, reserved, contracted or received on the debtor's account, both motions for summary judgment will be denied without prejudice. The parties may file additional evidence and Galyen Petroleum may file another amended proof of claim with appropriate supporting documentation to establish the interest rate. Thereafter, either party may renew its motion for summary judgment if warranted, or the matter may proceed to trial.

---

[1] The affidavit of Richard Galyen refers to monthly statements sent to customers and the account summaries attached to the proofs of claim refer to "Invoices."

IT IS ORDERED: The motion for summary judgment filed by the Chapter 11 trustee (Fil. #9) is denied. The motion for summary judgment filed by the defendant (Fil. #13) is denied. The defendant may file an amended proof of claim.

DATED: August 30, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
    *Jeffrey P. Galyen
    *Brian S. Kruse
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.